# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JEROME WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:15 CV 163 ) |
| WILLIAM WILSON, *et al.*, | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Jerome Williams, a *pro se* prisoner, has filed a complaint under 42 U.S.C. § 1983. (DE #1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Williams is an inmate at the Indiana State Prison ("ISP") in Michigan City, Indiana. Pursuant to ISP policy, offenders must get permission before they are allowed to sell any artistic works. (DE #1-2 at 13.) Approval for the sale of an artistic work, such as a book, will be granted "unless the Facility Head or designee finds a clear and direct threat to the safety and security of the facility or a direct threat to the safety of any person." (*Id.*) On July 20, 2014, Williams sent a copy of a manuscript he wrote to William Wilson, Superintendent at ISP, asking for permission to enter into a contract with a book publisher. Superintendent Wilson denied that request, asserting that offenders are not allowed to enter into contracts. Williams complains this answer is contrary to ISP policy, which often allows offenders to publish books and other artistic works. (See *Id.*)

Believing Superintendent Wilson's answer was contrary to ISP Policy, Williams filed a grievance. Superintendent Wilson denied the grievance by asserting that Williams would not be allowed to use the facility's resources or address to conduct a business activity. Williams appealed that decision, arguing that the signing of a contract does not require him to use the institution's resources or address to sign the publishing contract. However, L.A. Vanatta, the Grievance Appeal Specialist, denied the appeal. Williams claims that Superintendent Wilson and L.A. Vanatta denied him the right to publish the book based upon the views expressed within the book, which are about Black men and responsibility. Williams seeks money damages and injunctive relief,

2

enjoining the defendants from interfering with his right to enter into a publishing contract.

Here, Williams asserts the defendants violated his First Amendment right to freedom of speech by not allowing him to sign a contract to publish his manuscript. While inmates retain their First Amendment rights, prisons may restrict those in ways that are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Williams has sued both Superintendent Wilson and L.A. Vanatta in their individual and official capacities. Because "public employees are responsible for their own misdeeds" *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009), Williams has stated a claim against Superintendent Wilson and L.A. Vanatta in their individual capacities. Giving Williams the inferences to which he is entitled at this stage, he has alleged that he had a First Amendment right to publish his book and the defendants restricted that right without any legitimate penological interest. Further factual development may show that the defendants had a legitimate penological interest in refusing Williams the right to publish his book, but accepting his allegations as true, he has alleged enough to proceed on a claim against the defendants in their individual capacities.

Suing a "government employee in his official capacity is akin to suing the entity that employs him and the standard for liability is the same." *Second Amendment Arms v. City of Chicago*, No. 10-CV-4257, 2012 WL 4464900, at *4 (N.D. Ill. Sept. 25, 2012). Thus, a claim against Superintendent Wilson and L.A. Vanatta in their official capacities can

3

only be successful if the plaintiff establishes that the actions on which liability is predicated took place pursuant to a government policy or custom. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978); *Schor v. City of Chicago*, 576 F.3d 775, 779 (7th Cir. 2009). Giving Williams the benefit he is entitled to at this early stage, he has plausibly alleged that he was subjected to unreasonable restrictions on his First Amendment rights, which may have been the result of the defendant policymakers carrying out the Indiana State Prison's policy, practice or custom.

Next, Williams asserts the defendants violated his Fourteenth Amendment right to equal protection by not allowing publication of the book based on the views expressed within the book. To state an equal protection claim under this theory, a plaintiff must allege that government officials treated another similarly situated person more favorably than him and there was no rational basis for the difference in treatment. *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 601-02 (2008). Here, Williams does not identify any other similarly situated inmate. As such, he has not stated a plausible violation of his right to equal protection.

For these reasons, the court:

(1) **GRANTS** Jerome Williams leave to proceed against William Wilson in his official capacity as Superintendent of the Indiana State Prison for injunctive relief seeking to be permitted to enter into a book publishing contract under the First Amendment;

(2) **GRANTS** Jerome Williams leave to proceed against L.A. Vanatta in Vanatta's official capacity as Grievance Appeal Specialist at the Indiana Department of Corrections for injunctive relief seeking to be permitted to enter into a book publishing contract under the First Amendment;

(3) **GRANTS** Jerome Williams leave to proceed against William Wilson and L.A. Vanatta in their individual capacities for money damages for denying Williams the right to enter into a book publishing contract under the First Amendment;

(4) **DISMISSES** all other claims;

(5) **DIRECTS** the U.S. Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on William Wilson and L.A. Vanatta; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that William Wilson and L.A. Vanatta respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed.

**SO ORDERED.**

Date: June 23, 2015

    s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT