UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JEROME WILLIAMS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:15 CV 163 |
|  | ) |  |
| WILLIAM WILSON, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

Jerome Williams, a *pro se* prisoner, was granted leave to proceed under 42 U.S.C. § 1983 against Defendants William Wilson and L.A. Vanatta for refusing to allow him to enter into a book publishing contract at the Indiana State Prison ("ISP"), on the ground that this violated his First Amendment right to free speech. According to the complaint, Wilson and L.A. Vanatta denied him the right to publish a book based upon the views expressed within, which are about Black men and responsibility. Wilson now seeks a preliminary injunction requiring the superintendent of ISP to oversee the copying of various documents that will be involved in this litigation. (DE #33.) Simultaneously, Williams filed a motion seeking the court to order ISP to provide notary public services for affidavits in his possession. (DE #34.)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, the moving party must demonstrate that he or she has a reasonable

likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm if immediate relief is not granted. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context:

> Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Here, Williams anticipates that the defendants will serve and file a Rule 34 request for production seeking various documents that are in his possession. If and when they do, Williams believes he will be required to send those documents to the law library for copying. He further believes that he will have a hard time obtaining those copies, because many law library employees are defendants in another suit he has filed. (See Case No. 3:15-CV-428, filed on Sept. 21, 2015). As a result, he seeks an order requiring the superintendent, Ron Neal, to order that copying of these documents be performed under his supervision. Williams also seeks an order requiring a notary public at the prison to notarize two affidavits from fellow inmates that he intends to use in this case.

The court finds that Williams is not be entitled to the extraordinary relief that he seeks because he has not shown a likelihood of success on the merits. Williams' general concern that he cannot obtain copies of his legal materials and complaint that he is being denied the services of a notary have no merit. As a threshold matter, there is no "abstract, freestanding right to a law library . . . [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

In *Lewis* the Supreme Court repudiated language in earlier case law and explained that state actors have no duty to assure that prisoners can litigate claims effectively once they have been raised in court. The right to access goes no further:

> It must be acknowledged that several statements in *Bounds* went beyond the right of access recognized in the earlier cases on which it relied, which was a right to bring to court a grievance that the inmate wished to present . . . . These statements appear to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court. . . . These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds* cases, and we now disclaim them.

*Lewis*, 518 U.S. at 354. *Lewis* only requires that an inmate be given access to file a complaint or appeal, but state actors have no duty to assure that prisoners can litigate those claims effectively once they have been raised in court. That is to say, *Lewis* does not require a prospective order for Williams to receive notary public services[1], copies or

---

[1] The issue would be different if Williams were alleging that notary services are already required and have been refused. *See Gentry v. Duckworth*, 65 F.3d 555, (7th Cir. 1995) ("meaningful access" includes some quantity of basic scribe materials).

even be permitted access to the law library. *Lewis* only requires that he be permitted to file a complaint or appeal. He does not allege, and based on his filings it would not be reasonable to infer, that he was denied the opportunity to file a complaint or appeal, or that he has been denied basic scribe materials necessary to pursue his case. Therefore, his motions will be denied.

As a practical matter, there is no need for the requested copies or notary services. The defendants have not yet sought the documents Williams intends to copy. If the defendants do request those materials in discovery, Williams will not be required to produce any copies in response to a Rule 34 request for production of documents. Instead, he need only make his documents available so that the defendants or their representative can inspect and copy them. FED. R. CIV. P. 34(a)(1). Thus, there is no need for Williams to make the requested copies. And, contrary to his belief, Williams does not need notarized affidavits. Providing unsworn declarations pursuant to 28 U.S.C. § 1746 will suffice.[2] Thus, there is no need for the requested notary services either.

---

[2]The statute provides: "Wherever, under any law of the United States or under any rule, . . . or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidence, established or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

\* \* \*

(2) If executed within the United States . . .: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)."

For these reasons, the court:

(1) **DENIES** the motion for temporary restraining order (DE #33); and

(2) **DENIES** the motion (DE #34) for notary public services.

                                **SO ORDERED.**

Date: November 4, 2015

                                s/James T. Moody
                                JUDGE JAMES T. MOODY
                                UNITED STATES DISTRICT COURT